13-1023-cv
*Parker v. City of Long Beach, et al.*

## UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

### AMENDED
### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 21st day of April, two thousand fourteen.

PRESENT:  JOSÉ A. CABRANES,
     ROBERT D. SACK,
     RICHARD C. WESLEY,
        *Circuit Judges.*

---

JESSE B. PARKER,

       *Plaintiff-Appellant,*

   -v.-          No. 13-1023-cv

CITY OF LONG BEACH, LONG BEACH POLICE DEPARTMENT, JAMES CANNER in his official and individual capacity, MICHAEL BULIK in his official and individual capacity, KARL HAYES in his official and individual capacity,

1

BRUCE AZUETA in his official and
individual capacity,

*Defendants-Appellees.*

FOR APPELLANT:      Frederick K. Brewington, Law Offices of Frederick K.
                    Brewington, Hempstead, NY.

FOR APPELLEES:      Robert M. Agostisi, Assistant Corporation Counsel, *for*
                    Cory E. Klein, Corporation Counsel of the City of Long
                    Beach, Long Beach, NY.

Appeal from the United States District Court for the Eastern District of
New York (Sandra J. Feuerstein, *Judge*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment is **VACATED AND**

**REMANDED IN PART** as to Parker's false arrest claims against defendants

Bulik and Azueta, and **AFFIRMED IN PART** as to Parker's false arrest claims

against all other defendants and Parker's excessive force and *Monell* claims.

Jesse B. Parker ("Parker") appeals from a February 15, 2013 Memorandum

and Order of the United States District Court for the Eastern District of New

York (Sandra J. Feuerstein, *Judge*) granting summary judgment in favor of

defendants City of Long Beach, the Long Beach Police Department ("LBPD"),

and several LBPD officers.  Parker appeals the district court's judgment as to his

2

claims alleging false arrest, excessive force, and municipal liability under 42

U.S.C. § 1983.[1]  All claims relate to a November 4, 2010 incident in which Parker

was arrested after several LBPD officers mistook him for Antonio Webb

("Webb"), Parker's younger brother[2] who at the time was a primary suspect in

the LBPD's investigation of an armed robbery.[3]  We assume the parties'

familiarity with the underlying facts, the procedural history, and the issues for

review.

With respect to Parker's false arrest claim, the district court concluded that

Parker's seizure did not ripen into an arrest and that the presence of arguable

reasonable suspicion entitled the officers to qualified immunity.  This was error.

First, Parker's seizure constituted an arrest and therefore would have required

arguable probable cause to warrant qualified immunity.[4]  Second, the district

court improperly credited defendants' version of disputed facts regarding

whether the brothers bore a significant resemblance to each other.  Specifically,

---

[1] Parker brought additional claims under federal and state law, but does not challenge the dismissal of those claims on appeal.

[2] Although Parker and Webb have different last names, they have the same mother and father.

[3] On November 20, 2010, Webb was arrested in connection with, and subsequently pled guilty to, the armed robbery and other charges.

[4] Because the district court concluded that Parker's detention did not constitute an arrest, it saw no need to determine if the officers had arguable probable cause to arrest.

the district court relied, in part, on defendants' claim that Parker and Webb share "extremely similar facial features" and "very similar, thin builds." This characterization comes directly from the affidavits of several of the defendant officers.[5] But Parker counters that he and Webb are physically similar only in their "race/color as African-Americans."

Absent incontrovertible evidence "utterly discredit[ing]" Parker's position, *Zellner v. Summerlin*, 494 F.3d 344, 371 (2d Cir. 2007), the district court was required to view the evidence in the light most favorable to Parker and to draw all reasonable inferences and resolve all ambiguities in Parker's favor, *see Grain Traders, Inc. v. Citibank, N.A.*, 160 F.3d 97, 100 (2d Cir. 1998). Given the centrality of these disputed facts to the qualified immunity analysis, the district court erred in granting defendants Detective Michael Bulik ("Bulik") and Officer Bruce Azueta ("Azueta") qualified immunity as a matter of law. However, because the undisputed facts establish that defendants Detective-Lieutenant James Canner ("Canner") and Sergeant Karl Hayes ("Hayes") were entitled to qualified

---

[5] Beyond the parties' conflicting affirmations and two grainy images, the record does not appear to contain any evidence concerning the brothers' appearances.

4

immunity,[6] we vacate and remand with respect to defendants Bulik and Azueta only.

To support his excessive force claim, Parker alleges that one officer "slammed" him to the floor and another officer "choked" him for three seconds. We conclude that the district court properly determined that the officers were entitled to qualified immunity. Specifically, given Parker's flight and Detective Canner's radio transmission communicating his belief that Parker was Webb – both of which supported a reasonable belief, at the time of the alleged physical contact, that Parker was an armed robbery suspect – "'officers of reasonable competence could disagree'" on whether the officers' use of force was excessive. *Lennon v. Miller*, 66 F.3d 416, 420 (2d Cir. 1995) (quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)).

The district court also properly dismissed Parker's *Monell* claims. To prevail on these claims, Parker must establish that he suffered a constitutional violation and that the violation resulted from an identified municipal "policy," "custom," or "practice." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690-91 (1978). *Monell* also recognizes liability where "a municipality's failure to train its

---

[6] According to Parker, Canner did nothing more than instruct a fellow officer to confirm Parker's identity and Hayes was not involved in the incident until after Parker had been arrested.

5

employees . . . amount[s] to deliberate indifference to the rights of persons with whom the untrained employees come into contact." *Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (internal quotation marks and brackets omitted).

Parker fails to establish that the individual defendants' actions were the result of any municipal policy or failure to train, or that any of the individual defendants exercised policymaking authority such that this single episode could possibly be attributed to municipal authority.

We have considered all of Parker's remaining arguments and find them to be without merit. For the reasons stated above, the judgment of the district court is **VACATED and REMANDED IN PART** and **AFFIRMED IN PART**.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

6